# Exhibit G

| ALBANY COUNTY SHERIFF'S OFFICE | | | |
|---|---|---|---|
| GENERAL ORDER | DATE ISSUED 08-31-08 | EFFECTIVE DATE 12-29-92 | ORDER NUMBER 183-CF-98 |
| SUBJECT: Inmate Discipline | | DISTRIBUTION: All Staff | |
| AUTHORITY: *Craig D. Apple Sr.*, Sheriff | | ISSUED BY: *Michael J. Lyons, Superintendent* | |
| REFERENCE: New York State Commission of Correction Minimum Standards Section 7006<br>New York State Sheriff's Association, Standard #33 | | | |
| REVIEWED: 01-21-11, 11-09-11, 02-09-12, 5-23-13, 9-24-14, 10-30-15 | | | |
| REVISED: 08-31-08, 11-09-11, 5-24-13 | | | |

**Number of Pages: 15**

This date of issue supersedes all prior issue.

I. **Policy:** It is the policy of the Albany County Correctional Facility to promote the safety and security of all inmates and staff within the facility by establishing a system of inmate discipline designed to set standards of appropriate behavior, encourage self control and punish misbehavior fairly, impartially and consistently, and discipline action shall not be Capricious or Retaliatory.

The instructions and guidelines contained in this directive are not intended to be all-inclusive. There may be circumstances that are not specifically addressed within. In these circumstances the staff involved must seek assistance and guidance from their supervisor immediately. The contents herein DO NOT supercede any law, statute or regulatory authority.

II. **Procedure:**

A. **Inmate Rules of Conduct:** The Chief Administrative Officer of the Albany County Correctional Facility has developed written rules for inmate conduct, which contain a list of all rules and regulations governing inmate behavior.

   1. In an emergency situation, the Superintendent or designee has the authority to suspend or alter any rule or regulation for the safety and security of the facility.

   2. Each inmate shall sign for and be provided with a copy of the Inmate Rules of Conduct upon admission to the facility and a copy shall also be maintained in the facility's law library.

   3. Non-English speaking and illiterate inmates shall be assisted in understanding the Inmate Rules of Conduct.

   4. The following behavior is prohibited. The type of disciplinary sanction, which may result from an alleged violation of each rule, is listed. The act of conspiracy, attempt and accessory will be punishable to the same degree as the actual offense involved.

1

**References of Offenses:**

**Penal Law Offenses:**

|  |  | LEVEL |
|---|---|---|
| 1.00 | All Penal Law Offenses are prohibited and may be referred to law enforcement through the courts. In addition, facility sanctions may be imposed for criminal behavior. | II, III |

**Institutional Rules of Conduct:**

| 100 | **Assault and Fighting** | LEVEL |
|---|---|---|
| 100.10 | Inmates shall not assault, inflict or attempt to afflict bodily harm upon any other inmate, staff member, or visitor. | II, III |
| 100.11 | Inmates shall not engage in fighting. | II, III |
| 100.12 | Inmates shall not practice or instruct others in martial arts (aikido, judo, karate, juijitsu, kung fu, tai chi chun'an, ets.) | I, II, III |
| 100.13 | Inmates shall not engage in unauthorized sparring, wrestling, body punching or other forms of disorderly conduct. | I, II |

| 101 | **Sex Offenses** | LEVEL |
|---|---|---|
| 101.10 | Inmates shall not engage in, encourage, solicit or attempt to force others to engage in sexual acts. | I, II, III |
| 101.11 | Inmates shall not intentionally expose the private parts of their bodies. | I, II, III |
| 101.12 | Physical contact between inmates, including but not limited to kissing, embracing or hand holding is prohibited. | I, II |

| 102 | **Threats** | LEVEL |
|---|---|---|
| 102.10 | Inmates shall not, under any circumstances, make any threat, spoken, in writing, or by gesture. | I, II, III |

| 103 | **Bribery and Extortion** | LEVEL |
|---|---|---|
| 103.10 | Inmates shall not bribe or extort or attempt to bribe or extort any person. | II, III |
| 103.11 | Inmates shall not request or solicit goods or services from any business or any person other than immediate family members without the consent and approval of the facility, Superintendent and/or designee. | I, II, III |

| 104 | **Riot, Disturbances and Demonstrations** | LEVEL |
|---|---|---|
| 104.10 | Inmates shall not conspire or take any action, which is intended to or results in the takeover of any area of the facility or, acting in a group, engage in violent conduct or | II, III |

2

conduct involving the threat of violence.

| | | |
|---|---|---|
| 104.11 | Inmates shall not engage in any violent conduct or conduct involving the threat of violence. | II, III |
| 104.12 | Inmates shall not lead, organize, participate or urge other inmates to participate in work stoppages, sit-ins, lock-outs, or other action which may be detrimental to the order of the facility. | II, III |
| 104.13 | Inmates shall not engage in conduct which disturbs the order of any part of the facility. This includes, but is not limited to, loud talking in program areas or corridors, talking loud after facility lock-in or playing of radios or televisions in a loud or improper manner. | I, II, III |

| 105 | **Unauthorized Assembly or Activity** | LEVEL |
|---|---|---|
| 105.10 | The unauthorized assembly of inmates in groups is prohibited. | I, II, III |
| 105.11 | Religious services, speeches, or addresses by inmates other than those approved by the Superintendent or designee are prohibited. | I, II, III |
| 105.12 | Inmates shall not engage or encourage others to engage in any unauthorized organizational activities or meetings. Inmates shall not display, wear, possess, distribute or use unauthorized organizational insignia's or materials. An unauthorized organization is any group or organization which has not been approved by the Superintendent. | I, II, III |

| 106 | **Refusal to Obey a Direct Order** | LEVEL |
|---|---|---|
| 106.10 | ALL ORDERS OF FACILITY PERSONNEL WILL BE OBEYED PROMPTLY AND WITHOUT ARGUMENT. | I, II, III |

| 107 | **Interference with an Employee or Other Persons** | LEVEL |
|---|---|---|
| 107.10 | Inmates shall not physically or verbally obstruct or interfere with an employee at any time. | I, II, III |
| 107.11 | Inmates shall not verbally or in writing harass employees or any other persons. This includes using insolent, abusive and/or obscene language and gestures. | I, II, III |
| 107.12 | Lying, incomplete, misleading and/or false statements or information by inmates is prohibited. | I, II |

| 108 | **Escapes** | LEVEL |
|---|---|---|
| 108.10 | Inmates shall not escape, attempt to escape, conspire to, or be an accessory to an escape from the correctional facility or correctional custody. | I, II |
| 108.11 | Inmates shall not exceed the authorized limits of travel on any work release program. | II, III |
| 108.12 | Inmates shall not exceed any time limit imposed on any work release program. | II, III |

3

| | | |
|---|---|---|
| 108.13 | Inmates shall not be in possession of any article or paraphernalia which gives reasonable grounds to believe escape is planned. | II, III |
| 108.14 | Inmates shall not abscond, attempt to abscond, conspire to or be an accessory to an abscondance from Work Release Program from the correction facility or correctional custody. | II, III |

| 109 | **Inmate Movement** | LEVEL |
|---|---|---|
| 109.10 | Inmates shall not be out of place in any area of the facility. | I, II, III |
| 109.11 | Inmates shall not leave an assigned area without authorization. | I, II, III |
| 109.12 | Inmates shall stay to the right of the corridor during movement throughout the facility. | I, II, III |
| 109.13 | Inmates shall follow all facility regulations and staff directions relating to movement within the facility. This includes but is not limited to seating, lock-in, lock-out, inmate movement procedures and all activities of a similar nature. | I, II, III |
| 109.14 | Inmates who are on outside work assignment shall not leave their assigned area or communicate with members of the public without authorization. | I, II, III |
| 109.15 | Inmates shall wear religious robes and garments at scheduled and approved religious ceremonies or services only. | I, II |

| 110 | **Inmate Identification** | LEVEL |
|---|---|---|
| 110.10 | Unless otherwise directed, inmates shall at all times wear Departmental ID Bracelet and promptly produce their ID Bracelet at the direction of any departmental employee. | I, II |
| 110.11 | Inmates shall not alter, deface or in any other way tamper with the issued ID Bracelet. Whenever replacement is required, as a result of this action, the replacement cost will be borne by the inmate. | I, II |
| 110.12 | Inmates shall not be in possession of any type of identification cards or papers other than those authorized. | I, II |
| 110.13 | Inmates shall report the loss of their ID Bracelets promptly to an employee. Reimbursement costs my be imposed. | I, II |

| 111 | **Impersonation** | LEVEL |
|---|---|---|
| 111.10 | Inmates shall not impersonate any employee or any other person in any manner. | II, III |
| 111.11 | Inmates shall not be in possession of any security keys, badges, employee identification or clothing. | II, III |

4

| | | LEVEL |
|---|---|---|
| **112** | **Count Procedures** | |
| 112.10 | Inmates shall not cause a miscount. | I, II, III |
| 112.11 | Inmates shall not delay the count. | I, II |
| 112.12 | Inmates shall comply with all facility count procedures. | I, II |
| 112.13 | Inmates shall not obstruct visibility into cell or room. | I, II, III |
| 112.14 | Nothing may be affixed to any part of the facility walls, bars, floors or ceilings. Lights are not to be shielded with any material of any kind. | I, II, III |
| 112.15 | Inmates will stand and or sit up at their assigned bunks while officers are conducting the day and night counts. | I, II, III |
| **113** | **Contraband** | LEVEL |
| 113.10 | Inmates shall not make, possess sell or exchange any item of contraband that may be classified as a weapon by description, use or appearance. | II, II |
| 113.11 | Inmates shall not possess any authorized item that has been altered in any manner so as to change its original intent and or purpose. | I, II, III |
| 113.12 | Inmates shall not make, posses, use, sell or exchange any narcotic, narcotic paraphernalia or controlled substance. | II, III |
| 113.13 | Inmates shall not make, use, possess, sell, exchange or be under the influence of any alcoholic beverage or intoxicant. Possession, sale or exchange of yeast or any other fermenting agent is prohibited. | II, III |
| 113.14 | Inmates shall not possess unauthorized types of medication nor shall they sell or exchange medication. Inmates must take prescribed medication immediately in the presence of facility staff member dispensing the medication and they will have their mouth checked by staff member dispensing medication. | II, III |
| 113.15 | Inmates shall not purchase, sell, or loan, give or exchange personally owned articles . | II, III |
| 113.16 | Inmates shall not be in possession of money, credit cards, checks or unauthorized valuables or property. | I, II, III |
| 113.17 | Inmates shall not be in possession of jewelry other than that which is authorized by the facility. | I, II |
| 113.18 | Inmates shall not be in possession of tools without authorization. | I, II, III |
| 113.19 | Inmates shall not posses County Clothing, bedding or Hygienic items in excess of authorized issue. | I, II |
| 113.20 | The altering of county issued items is prohibited. Inmates shall be required to pay for clothing or bedding that has | I, II, III |

5

been altered without authorization.

| | | |
|---|---|---|
| 113.21 | Inmates shall not use or possess authorized articles in unauthorized areas. | I, II, III |
| 113.22 | Inmates shall not be in possession of any contraband items. Contraband is any article that is not authorized by the Superintendent or designee. | I, II, III |
| 113.23 | Inmates shall not possess unauthorized organizational insignias or materials, included are beads, logos, emblems, flags colored cloth, written material advertising membership, and or any other material used by inmates to denote un- authorized organizations or group.  These items are contraband. | I, II, III |

| 114 | **Smuggling** | LEVEL |
|---|---|---|
| 114.10 | Inmates shall not smuggle or attempt to smuggle or solicit others to smuggle any item in or out of the facility or from one area to another. | I, II, III |

| 115 | **Searches and Frisks** | LEVEL |
|---|---|---|
| 115.10 | Inmates shall comply with all frisk and search procedures. | I, II, III |

| 116 | **Demonstration of Tampering With and Theft of Property** | LEVEL |
|---|---|---|
| 116.10 | Inmates shall not lose, destroy, steal, misuse, damage or waste any type of County property. | I, II, III |
| 116.11 | Inmates shall not alter, tamper with or attempt to repair any type of County or personal property without authorization. | I, II, III |
| 116.12 | Inmates shall not alter, forge or counterfeit and document. Inmates shall not distribute any facility document without authorization. | II, III |
| 116.13 | Inmates shall not steal, destroy or intentionally damage any property belonging to others or possess any stolen property. | I, II, III |

| 117 | **Explosion or Explosive Devices** | LEVEL |
|---|---|---|
| 117.10 | Inmates shall not cause or attempt to cause an explosion. The possession of explosive devices or materials that can be used to make explosive devices is prohibited. | II, II |

| 118 | **Creating a Fire, Health or Safety Hazard** | LEVEL |
|---|---|---|
| 118.10 | Inmates shall not start or attempt to start a fire. | II, III |
| 118.11 | Inmates shall not tattoo or otherwise permanently mark themselves or others, or allow themselves to be tattooed or permanently marked by another.  Inmates shall not be in possession of instruments or devices used for the purpose of making tattoos. | I, II, III |
| 118.12 | Inmates shall not create a fire, health or safety hazard by improperly storing flammable materials or other property in their living quarters or any other area of the facility. | I, II, III |
| 118.13 | Inmates shall not commit an unhygienic act such as | I, II, III |

6

| | | |
|---|---|---|
| | spitting, urinating or defecating in a inappropriate area. Inmates shall not throw urine or feces. | |
| 118.14 | Inmates shall promptly report illness or injury to a facility employee. | I, II |
| 118.15 | Inmates shall follow posted safety regulations. | I, II |
| 118.16 | Inmates shall not litter in any area of the facility. | I, II |
| 118.17 | Inmates shall maintain the cleanliness and orderliness of their living quarters, clothing and person. | I, II |
| 118.18 | Inmates shall not alter, rewire, tamper with or attempt to repair electrical outlets or any electrical device. | I, II, III |
| 118.19 | Inmates shall participate in fire drills and fire alarms in a prompt and orderly fashion. | I, II |
| **119** | **False Alarms** | LEVEL |
| 119.10 | The false reporting of fires, emergencies, disturbances or other threats to the safety of the facility which endangers the health and safety of anyone therein is prohibited. | II, III |
| 119.11 | Inmates shall not tamper with any fire alarm or extinguishing devices (sprinkler heads, fire extinguishers, etc.) unless authorized by a facility staff member. | I, II, III |
| **120** | **Gambling** | LEVEL |
| 120.10 | Inmates shall not engage in any form of gambling, betting or wagering or be in possession of gambling paraphernalia. | I, II, III |
| 120.11 | Inmates shall not possess lottery tickets or participate in lotteries. | I, II |
| **121** | **Abuse of Telephone Privileges** | LEVEL |
| 121.10 | Inmates shall not communicate by telephone with any Department employee without the authorization of the Superintendent or designee. | I, II |
| 121.11 | Inmate telephone calls and telephone conversations shall be restricted to the telephone number dialed or otherwise placed by or for the inmate. Telephone call forwarding or other third party phone calls or the use of credit card calls are prohibited. | I, II |
| 121.12 | Inmates shall comply with and follow the guidelines and instructions given by the staff regarding the use of the facility telephone. | I, II, III |
| 121.13 | Inmates shall not use facility telephones without the authorization of facility staff. | I, II, III |
| **122** | **Smoking** | LEVEL |
| 122.10 | Inmates shall not use of be in the possession of tobacco or tobacco products. | I, II |

7

| | | |
|---|---|---|
| **123** | **Self Mutilation** | LEVEL |
| 123.10 | Inmates shall not inflict or attempt to inflict bodily harm upon themselves. | I, II |
| **124** | **Meals** | LEVEL |
| 124.10 | Inmates shall not waste food items. | I, II |
| 124.11 | Inmates shall comply with facility food service procedure. | I, II |
| 124.12 | Facility issued food shall be consumed when delivered or be discarded. No storing of facility food is allowed. | I, II, III |
| **125** | **Miscellaneous Rules and Regulations** | LEVEL |
| 125.10 | Inmates shall comply with and follow the guidelines and instructions given by staff regarding facility visiting procedures, correspondence procedures, and the package procedures. | I, II, III |
| 125.11 | No inmate may provide legal assistance to another inmate without prior approval of the Superintendent or designee. Inmates shall not receive any form of compensation for providing assistance. | I, II, III |
| 125.12 | In accordance with established facility procedures, inmates shall accept work assignments. Failure to accept an assignment may result in disciplinary action which may include loss of good time. | II, III |
| 125.13 | Inmates shall comply and follow the guidelines and instructions published in the inmate rules and regulations information book. | I, II, III |
| 125.14 | Inmates shall comply and follow the guidelines and instructions contained in any memorandum or directive that is distributed to the inmate population. | I, II, III |
| 125.15 | Inmates shall bring all items to include facility and personal clothing from their housing unit to booking when going to court or being released from the facility. | I, II, III |
| 125.16 | Inmates shall keep jumpsuits button up at all times when ever off their housing unit. | I, II, III |
| **126** | **Disciplinary Hearings** | LEVEL |
| 126.10 | Inmate shall comply with the dispositions imposed by hearing officers in Level I, Level II and Level III hearings. | I, II, III |
| **127** | **K-9 Unit Searches** | LEVEL |
| 127.10 | Inmates shall follow all directions and instructions issued by the K-9 handlers and search team members. | I, II, III |
| 127.11 | Inmates shall not make any unnecessary movement, and or gestures towards the K-9 unit. | I, II, III |

127.12  Inmates shall not touch, speak to, or distract the K-9.          I, II, III

**B. Misbehavior Reports**

1. When a staff member has a reasonable belief that an inmate has committed an offense that constitutes a violation of the facility's rules of inmate conduct and such violation is not informally resolved, such staff member shall prepare a written misbehavior report and inmate notification of hearing form.

2. Each misbehavior report shall include:

   a. The name(s) of the inmate(s) charged with the misconduct
   b. The date, time and place of occurrence
   c. A description of the incident or behavior involved and the rule(s) allegedly violated.
   d. The date and time the report was written
   e. The reporting staff member's printed name and signature
   f. Date and time inmate served notice.

3. If two (2) or more violations are involved, all may be incorporated in a single report, separately stated. Each violation shall be disposed of separately in accordance with facility policies and procedures.

4. If more than one (1) inmate is involved in any incident, the facts and circumstances surrounding each inmate's involvement shall be separately stated in the misbehavior report.

5. The inmate charged with the violation shall be issued a copy of the misbehavior report as soon as possible, but in no event later than twenty-four (24) hours prior to the conclusion of the reporting officer's tour of duty.

6. All disciplinary reports will be forwarded to the Unit Supervisor for review and approval prior to the conclusion of the reporting officer's tour of duty.

7. The unit Supervisor shall review and approve or facilitate the proper adjustment to the disciplinary report and submit the report to the Tour Commander for review and approval prior to the conclusion of his tour of duty.

8. The disciplinary report will be maintained in the Tour Commander's Office until the commencement of the disciplinary hearing. At the time the report is submitted to the Tour Commander and each day prior to the commencement of the disciplinary hearing, the Unit Supervisor, in conjunction with the Tour Commander, will determine the necessity of the inmate's confinement in relation to the safety and security of all concerned and so note the determination on the disciplinary report.

**C. Investigative Process**

1. An investigation into the facts and circumstances of the incident shall be initiated within one (1) business day if the Tour Commander determines that the circumstances warrant such an investigation.

2. In those cases where an investigation is deemed necessary, the investigation shall be conducted by person or persons who were not involved in the incident and a completed report shall be provided to the hearing officer prior to any hearing based on the incident investigated.

**D. Assistance of Inmates**

9

1. If an inmate is non-English speaking, illiterate or for any other reason is unable to prepare a defense, assistance shall be provided to the inmate by a person designated by the Tour Commander at least twenty-four (24) hours prior to the hearing.

2. Such assistance shall include:

   a. Interviewing witnesses
   b. Obtaining evidence and /or written statements
   c. Providing assistance at the disciplinary hearing
   d. Providing assistance understanding administrative segregation decisions
   e. Providing assistance understanding the evidence relied on by the hearing officer and the reasons for action taken
   f. Providing assistance understanding the waiver of any rights provided by this Part
   g. Providing assistance in filing an appeal as provided by this Part.

3. The hearing officer may limit the number of witnesses interviewed and the evidence and/or written statements obtained where it is determined that such witnesses, evidence and/or statements are irrelevant or redundant. Such determination shall be documented in the hearing record.

### E. Administrative Segregation Pending a Disciplinary Hearing

1. An inmate who threatens the safety, security and good order of the facility may be immediately confined in a cell or room pending a disciplinary hearing and may be retained in administrative segregation until the completion of the disciplinary process.

2. Within twenty-four (24) hours of such confinement, the inmate shall be provided with a written statement setting forth the reason(s) for such confinement. Upon receipt of the written statement, the inmate shall be provided with an opportunity to respond to such statement orally or in writing to the Chief Administrative Officer.

### F. The Disciplinary Hearing

1. An inmate charged with a violation shall receive a hearing with in fifteen (15) business days of the alleged violation. The Hearing Officer shall give the inmate at least twenty-four (24) hours written notice of the time, date, and place of the hearing. The hearing notification form will be utilized once the Hearing Officer schedules a date and time. The inmate may waive the time frames required by this subdivision, however, such waiver shall not be effective unless made in writing and initialed by the inmate.

2. The Tour Commander shall appoint one (1) or more impartial people to serve as hearing officer or as members of a hearing panel during the disciplinary hearing.

   a. **Plea Agreement:** Prior to the start of a disciplinary hearing, the hearing officer may choose to offer the inmate a plea agreement. If the inmate chooses to accept such agreement, acknowledgement of the terms and sanctions of the agreement will be documented by the inmate's signature on the Inmate Disciplinary Report Form.

3. The inmate shall be allowed to be present at the hearing unless the inmate has waived his right to be present or the haring officer determines that the inmate's presence will jeopardize the safety, security or good order of the facility. A waiver of the right to be present shall be made in writing, on the disciplinary hearing review form. A hearing officer's determination that an inmate's presence will jeopardize the safety, security or good order of the facility also shall be documented on the disciplinary hearing review form.

4. The inmate shall be given the opportunity to speak on his own behalf at the hearing and shall be permitted to call witnesses and present evidence in his defense if relevant and not redundant and when doing so, would not jeopardize the safety, security or good working order of the facility. The hearing officer's determination that the presence of a particular witness or the introduction of particular evidence is irrelevant, redundant or will jeopardize the safety, security or good order of the facility shall be documented in the hearing record.

5. If the hearing officer calls witnesses, the inmate may submit questions directed toward such witnesses to hearing officer. The hearing officer shall pose such questions to the witness if relevant and not redundant and when doing so would not jeopardize the safety, security and good order of the facility. The hearing officer may restate such question if it is unclear or in improper form. A hearing officer's determination that a particular question is irrelevant, redundant or will jeopardize the safety, security or good order of the facility shall be documented in the hearing record.

6. The inmate may be excluded from the hearing during the interview of witnesses in accordance with subdivision (5) of this section. If the inmate is excluded during the interview, it will be documented on the Hearing Review Form. The contents of such interview shall be provided to the inmate, except for such information that, if provided would jeopardize the safety, security or good order of the facility.

7. No charges other than those contained in the misbehavior report shall be presented during the course of the hearing. Any additional charges brought against the inmate shall be treated a s new charges and shall be subject to the requirements of this Part.

8. A disposition shall be reached within two (2) business days after conclusion of the hearing. The disposition shall be in writing and shall contain the following:

   a. A finding of guilt or innocence on each charge of misbehavior.
   b. The evidence relied upon the hearing officer in reaching such finding
   c. The sanction imposed, if any

   A copy of the disposition shall be provided to the inmate.

9. The hearing officer may hold the commencement of a sanction in abeyance for a period up to thirty (30) days in order to assess the behavioral adjustment of the inmate. At the conclusion of such period, the hearing officer shall determine whether the sanction shall commence in whole or in part or shall be suspended in whole or part.

**G. Range of Penalties:** A hearing officer may impose the following penalties after a determination of guilt. The hearing officer will impose sanctions in a fair, reasonable and progressive manner.

1. Level One Disciplinary Sanctions: Any one of the following or combination thereof:

   a. Counsel and/or reprimand
   b. Loss of one or more specific privileges for a period of up to thirty (30) days per charge
   c. Locked in general housing for up to fourteen (14) days.
   d. A surcharge may be imposed up to $25.00 per disciplinary report.

   Note: Repetitive Level I violations will result in Level II or III sanctions

2. Level II Disciplinary Sanctions:

   a. Counsel and/or reprimand
   b. Loss of one or more specific privileges for a period of up to thirty (30) days per charge
   c. Confinement to a cell or room continuously or to a special housing unit under keep lock admission for a period of up to thirty (30) days per charge
   d. Restitution for loss or intentional damage to property
   e. Recommended loss of a specific period of good behavior allowance, subject to restoration
   f. A surcharge may be imposed up to $25.00 per disciplinary report.
   g. Restitution, not to exceed one hundred ($100.00) dollars, for facility

11

   expenditures related to the medical treatment of facility staff, taken from existing or future funds in the inmates account. Prior to imposing medical restitution, Administration approval is required.

   Note:   Repetitive Level II violations will result in Level III sanctions.

3. Level III Disciplinary Sanctions:

   a. Counsel and/or reprimand
   b. Loss of one or more specific privileges for a specific period
   c. Confinement to cell or room, or in a Special Housing Unit continuously, for a period of up to Sixty (60) days per charge
   d. Assignment to a restricted diet for a specific period; if applicable
   e. Restitution for loss or intentional damage to property
   f. Recommended loss of a specific period of good behavior allowance, subject to restoration
   g. Loss of contact visitation for a specified period of time. Alternate visitation will be provided.  NOTE:  Confirmation by Chief Administrative Officer required.
   h. Loss of one hour of visitation a week for a specific period of time.
   i. A surcharge may be imposed up to $25.00 per disciplinary report.
   j. Restitution, not to exceed one hundred ($100.00) dollars, for facility expenditures related to the medical treatment of facility staff, taken from existing or future funds in the inmates account. Prior to imposing medical restitution, Administration approval is required.

   When a surcharge is imposed, the hearing officer must send a copy of the disposition to the business office manger for processing.

   **(All moneys collected shall be deposited in the county general fund and not specifically allocated to the facility).**

H. **Appeal Procedure**

   1. The inmate shall have the right to appeal the hearing officer's disposition and any sanction via the Facility's Inmate Grievance Procedure. Such appeal shall be submitted in writing within two (2) business days of the inmate's receipt of the disposition, specifying the grounds for the appeal.

   2. All appeals shall be reviewed by the Chief Correction Officer within five (5) business days after receipt and each inmate shall be notified in writing of the results.

   3. The Chief Administrative Officer may reduce or suspend all or part of the sanction, but not increase it.

I. **Record Keeping**

   1. A disciplinary record shall be maintained by the facility which shall include the misbehavior report, the investigation report, (if prepared) the formal disposition, sanctions imposed (if any), and the appeal documents.

   2. Records generated pursuant to a disciplinary hearing in which an inmate is found not guilty of charges brought against him, after either the hearing or an appeal, shall be kept confidential and shall not be considered in making decision pertaining to the inmate's participation in programs, services or local conditional release, or in the granting or withholding of good behavior credits.