UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DAVON WASHINGTON, et. al.,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, et. al.,

                              Defendants.

------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT**

18 CV 12306 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/19

**WHEREAS,** plaintiffs Davon Washington, John Doe, Pariis Tillery and Steven Espinal commenced this action by filing a complaint on or about December 28, 2018, a first amended class action complaint on or about January 28, 2019, and a second amended class action complaint on or about June 5, 2019, alleging that the defendants violated plaintiffs' federal civil and related state law rights; and

**WHEREAS,** defendants denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs 2 through 10 below. Provided, however, that this Stipulation of Settlement does not prevent

plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraphs 14 or 18 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

2. Defendant City of New York hereby agrees to pay plaintiff Davon Washington the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraphs 11-12 herein, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the foregoing, plaintiff Davon Washington agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, New York City Department of Correction, Commissioner Cynthia Brann, Brian Sullivan, Edward Williams, Sharlisa Walker, Patrick Paskett, Bonar Moise, Kirklon Morgan, Belteshazzar Reid, Te-Art Jackson, Gregory Lopez, Edwin Lopera, Courtney Corley, Aaron Crump, Robert McDonald, Jr. and Yupeng Cai; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Davon Washington's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, with the exception of any claims for damages, costs, expenses, and/or attorneys' fees arising from an alleged slashing that occurred on or about June 3, 2019 in DOC custody. Provided, however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 14 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. § 3626(c)(2).

3. Defendant City of New York hereby agrees to pay plaintiff John Doe the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraphs 11-12 herein, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the foregoing, plaintiff John Doe agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, New York City Department of Correction, Commissioner Cynthia Brann, Brian Sullivan, Edward Williams, Sharlisa Walker, Patrick Paskett, Bonar Moise, Kirklon Morgan, Belteshazzar Reid, Te-Art Jackson, Gregory Lopez, Edwin Lopera, Courtney Corley, Aaron Crump, Robert McDonald, Jr. and Yupeng Cai; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff John Doe's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided, however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 14 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

4. Defendant City of New York hereby agrees to pay plaintiff Pariis Tillery the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraphs 11-12 herein, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the foregoing, plaintiff Pariis Tillery agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, New York City Department

of Correction, Commissioner Cynthia Brann, Brian Sullivan, Edward Williams, Sharlisa Walker, Patrick Paskett, Bonar Moise, Kirklon Morgan, Belteshazzar Reid, Te-Art Jackson, Gregory Lopez, Edwin Lopera, Courtney Corley, Aaron Crump, Robert McDonald, Jr. and Yupeng Cai; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Pariis Tillery's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided, however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 14 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

5. The County of Albany hereby agrees to pay plaintiff Davon Washington the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraph 16, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Davon Washington agrees to the dismissal of all the claims against the defendants and to release defendants County of Albany, Albany County Sheriff Craig Apple, Superintendent Michael Lyons, Anthony Torrisi, Mark Valvo, William Carhart, Frank Harris, Dan Poole, Michael Grimes, Anthony Colangione, Sonny Armstrong, Matthew Labombard, Josiah Haley, Michael Beliveau, Vincent Adams, Joseph Kelly, William Reddy, Damien Anzalone, Ryan Lawson, Jarred Jarosz, Thuan Ton, Timothy Kehn, Trent Shaver, Eugene Ratigan, Anthony Degonza, Kelly Thompson, Joseph Moore and Anthony Coppolo; their successors or assigns; and all past and present officials, employees,

representatives, and agents of the County of Albany or any entity represented by the Office of the Albany County Attorney, from any and all liability, claims, or rights of action alleging a violation of plaintiff Davon Washington's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided, however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 18 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

6. The County of Albany hereby agrees to pay plaintiff John Doe the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraph 16, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff John Doe agrees to the dismissal of all the claims against the defendants and to release defendants County of Albany, Albany County Sheriff Craig Apple, Superintendent Michael Lyons, Anthony Torrisi, Mark Valvo, William Carhart, Frank Harris, Dan Poole, Michael Grimes, Anthony Colangione, Sonny Armstrong, Matthew Labombard, Josiah Haley, Michael Beliveau, Vincent Adams, Joseph Kelly, William Reddy, Damien Anzalone, Ryan Lawson, Jarred Jarosz, Thuan Ton, Timothy Kehn, Trent Shaver, Eugene Ratigan, Anthony Degonza, Kelly Thompson, Joseph Moore and Anthony Coppolo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the County of Albany or any entity represented by the Office of the Albany County Attorney, from any and all liability, claims, or rights of action alleging a violation of plaintiff John Doe's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided,

however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 18 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

7. The County of Albany hereby agrees to pay plaintiff Pariis Tillery the sum of Seventy Five Thousand ($75,000.00) Dollars, plus his pro rata share of attorneys' fees as set forth in paragraph 9 herein, and to provide the relief set forth in paragraph 16, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, Plaintiff Pariis Tillery agrees to the dismissal of all the claims against the defendants and to release defendants County of Albany, Albany County Sheriff Craig Apple, Superintendent Michael Lyons, Anthony Torrisi, Mark Valvo, William Carhart, Frank Harris, Dan Poole, Michael Grimes, Anthony Colangione, Sonny Armstrong, Matthew Labombard, Josiah Haley, Michael Beliveau, Vincent Adams, Joseph Kelly, William Reddy, Damien Anzalone, Ryan Lawson, Jarred Jarosz, Thuan Ton, Timothy Kehn, Trent Shaver, Eugene Ratigan, Anthony Degonza, Kelly Thompson, Joseph Moore and Anthony Coppolo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the County of Albany or any entity represented by the Office of the Albany County Attorney, from any and all liability, claims, or rights of action alleging a violation of plaintiff Pariis Tillery's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided, however, this agreement does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 18 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

8. Defendant County of Albany hereby agrees to pay plaintiff Steven Espinal the sum of Two Hundred Twenty Thousand ($220,000.00) Dollars, plus his pro rata share of attorneys' fees to be paid by the County of Albany as set forth in paragraph 9 herein, and to provide the relief set forth in paragraphs set forth in paragraph 16, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Steven Espinal agrees to the dismissal of all the claims against the defendants and to release defendants County of Albany, Albany County Sheriff Craig Apple, Superintendent Michael Lyons, Anthony Torrisi, Mark Valvo, William Carhart, Frank Harris, Dan Poole, Michael Grimes, Anthony Colangione, Sonny Armstrong, Matthew Labombard, Josiah Haley, Michael Beliveau, Vincent Adams, Joseph Kelly, William Reddy, Damien Anzalone, Ryan Lawson, Jarred Jarosz, Thuan Ton, Timothy Kehn, Trent Shaver, Eugene Ratigan, Anthony Degonza, Kelly Thompson, Joseph Moore and Anthony Coppolo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the County of Albany or any entity represented by the Office of the Albany County Attorney, defendants City of New York, New York City Department of Correction, Commissioner Cynthia Brann, Brian Sullivan, Edward Williams, Sharlisa Walker, Patrick Paskett, Bonar Moise, Kirklon Morgan, Belteshazzar Reid, Te-Art Jackson, Gregory Lopez, Edwin Lopera, Courtney Corley, Aaron Crump, Robert McDonald, Jr. and Yupeng Cai; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel from any and all liability, claims, or rights of action alleging a violation of plaintiff Steven Espinal's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. Provided, however, this agreement

does not prevent plaintiffs' counsel from reinstating the lawsuit by amended complaint as set forth in paragraph 18 herein in accordance with the parties' "private settlement agreement" pursuant to 18 U.S.C. §3626(c)(2).

9. Defendant City of New York hereby agrees to pay plaintiffs the total sum of Two Hundred Thousand Dollars ($200,000) and the County of Albany agrees to pay plaintiffs the total sum of One Hundred Thousand Dollars ($100,000) in full satisfaction of any costs, expenses and attorneys' fees. Plaintiffs have assigned their rights to attorneys' fees, costs and expenses to their attorneys, the law firm of Emery Celli Brinckerhoff and Abady LLP. As such, said check for attorneys' fees will be made payable to plaintiffs' attorneys, Emery Celli Brinckerhoff and Abady LLP.

10. Defendant Nurse Melissa "Missy" Mylorie agrees to pay plaintiffs the total sum of Ten Thousand ($10,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiffs agree to the dismissal of all claims against the defendant Nurse Melissa "Missy" Mylorie and to release defendant.

11. The City of New York agrees that it will not seek substitute jail orders to transfer any inmates in the custody of the New York City Department of Correction ("DOC") to the Albany County Correctional Facility from the date of execution of this agreement through December 31, 2021, inclusive.

12. The City of New York agrees that each and every DOC inmate transferred outside of the City of New York upon a substitute jail order shall, after the inmate is safely secured in the vehicle transporting him/her, be provided in the vehicle before it departs with a written "notice" of transfer. Said notice need not be provided when DOC is in possession of

credible intelligence or observable inmate behavior clearly suggesting that serving the inmate with the notice will put DOC staff or other inmates at risk of harm or injury. The "notice" shall contain at least the following terms:

    a.    Where the inmate is being transferred:

    b.    That the transfer is pursuant to a substitute jail order;

    c.    The reason for the transfer;

    d.    That the inmate will be brought back to New York City for court dates;

    e.    That the inmate will be subject to the rules and regulations of the new jail, including rules about visiting;

    f.    That the new jail is governed by New York State's Minimum Standards for Management of County Jails;

    g.    That the inmate has the right to make phone calls to the inmate's lawyer; and

    h.    That if the inmate wants to talk to his lawyer to let them know where they are being moved the inmate, he/she should ask the staff at the new jail.

The form of "notice" annexed to this Stipulation of Settlement as Exhibit A is an example of such complying "notice" with the terms of this Stipulation of Settlement.

13. The City's agreements in paragraphs 11 and 12 herein are expressly made pursuant to a "private settlement agreement" in accordance with 18 U.S.C. § 3626(c)(2).

14. Plaintiffs' counsel and the City shall make a good faith effort to resolve any disputes that may arise under paragraphs 11 and 12 of the Stipulation of Settlement. In the event of non-compliance with the terms of paragraphs 11 or 12 of the Stipulation of Settlement, plaintiffs' counsel may seek judicial relief only by reinstating this lawsuit limited to the material

9

breach of such non-monetary provision in accordance with 18 U.S.C. §3626(c)(2)(A) by amended complaint to assert the claims of any person allegedly injured by such non-monetary breach of paragraphs 11 or 12 of this Stipulation of Settlement. Prior to reinstating this lawsuit as set forth herein, plaintiffs' counsel shall notify the City in writing to the New York City Law Department and the DOC General Counsel's Office of the specific grounds and facts upon which plaintiffs' counsel alleges non-compliance with paragraph 11 or 12 of the Stipulation of Settlement. The City shall respond within thirty (30) calendar days. If the dispute is not resolved, plaintiffs' counsel shall notify the City by letter and request that counsel meet and confer. Plaintiffs' counsel and the City shall meet within ten (10) business days of plaintiffs' counsel's notice or on some other date mutually agreed upon by counsel, in an attempt to arrive at an amicable resolution of the dispute. Nothing said by any party or counsel for any party during any and all meetings held pursuant to this section may be used by any party in subsequent litigation in this or any other lawsuit. If the dispute remains unresolved five (5) business days following the conclusion of such meeting or meetings, or if the City does not respond to plaintiffs' counsel's initial notice of dispute within thirty (30) days of that notice or if counsel do not meet and confer (or agree to a date to meet and confer) within ten (10) business days of plaintiffs' counsel's request to meet and confer, the City shall be so informed by plaintiffs' counsel in writing, and plaintiffs may then, in connection with the matters which plaintiffs' counsel identified to the City, reinstate the lawsuit by amended complaint limited to the alleged breach of the non-monetary provision set forth in paragraph 11 or 12 above no sooner than ten (10) days from the written notice referenced herein. Plaintiffs' counsel's compliance with the procedures outlined above is a condition precedent to any reinstatement of this lawsuit. Should plaintiffs' counsel prevail in establishing a material breach of paragraph 11 or 12 of this

Stipulation of Settlement upon any reinstatement, plaintiffs' counsel shall be entitled to a recovery of reasonable attorneys' fees and costs.

15. The agreement of the City of New York as set forth in paragraph 14 herein shall remain in effect until December 31, 2021.

16. The County of Albany agrees that, from January 1, 2022 to December 31, 2023, inclusive, any DOC detainees housed at the Albany County Correctional Facility pursuant to a substitute jail order shall be subject to the provisions set forth in 40 R.C.N.Y. §§ 1-17(a-g) concerning punitive segregation.

17. The County's agreement in paragraph 16 herein is expressly made pursuant to, in accordance with, and within the meaning of, 18 U.S.C. § 3626(c)(2).

18. Plaintiffs' counsel and the County shall make a good faith effort to resolve any disputes that may arise under paragraph 16 of the Stipulation of Settlement. In the event of non-compliance with the terms of paragraph 16 of the Stipulation of Settlement, plaintiffs' counsel may reinstate this lawsuit by filing an amended complaint to assert the claims of any person allegedly injured by such non-monetary breach of paragraph 16 of this Stipulation of Settlement. Prior to this lawsuit as set forth herein, plaintiffs' counsel shall notify the County in writing to the Office of the Albany County Attorney of the specific grounds and facts upon which plaintiffs' counsel alleges non-compliance with paragraph 16 of the Stipulation of Settlement. The County shall respond within fourteen (14) calendar days. If the dispute is not resolved, plaintiffs' counsel shall notify the County by letter and request that counsel meet and confer. Plaintiffs' counsel and the County shall meet (in person or by telephone conference) within five (5) business days of plaintiffs' counsel's notice or on some other date mutually agreed upon by counsel, in an attempt to arrive at an amicable resolution of the dispute. Nothing

said by any party or counsel for any party during any and all meetings held pursuant to this section may be used by any party in subsequent litigation in this or any other lawsuit. If the dispute remains unresolved five (5) business days following the conclusion of such meeting or meetings, or if the County does not respond to plaintiffs' counsel initial notice of dispute within fourteen (14) days of that notice or if counsel do not meet and confer (or agree to meet and confer) within five (5) business days of plaintiffs' counsel's request to meet and confer, the County shall be so informed by plaintiffs' counsel in writing, and plaintiffs may then, in connection with the matters which plaintiffs' counsel identified to the County, reinstate the lawsuit limited to the alleged breach of the non-monetary provisions set forth in paragraph 16 above no sooner than five (5) business days from the written notice referenced herein. Plaintiffs' counsel's compliance with the procedures outlined above is a condition precedent to any reinstatement of this lawsuit. Should plaintiffs' counsel prevail in establishing a material breach of paragraph 16 of this Stipulation of Settlement upon any reinstatement, plaintiffs' counsel shall be entitled to a recovery on reasonable attorneys' fees and costs.

19. Plaintiffs hereby agree that a violation of paragraph 12 or any section contained herein by the City of New York shall not provide the basis for reinstatement of this lawsuit as against the County of Albany or any agency/employee thereof.

20. Plaintiffs shall execute and deliver to the defendants' attorneys all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraphs 2 through 8 above and Affidavits of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-

Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

21. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement or the right of reinstatement by amended complaint as set forth in paragraphs 14 or 18 herein.

22. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

23. Nothing contained herein shall be deemed to constitute a policy or practice of the County of Albany or any agency thereof.

24. Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

25. Plaintiffs agree to hold harmless the County of Albany regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the

County of Albany reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

26. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 15, 2019

By: EMERY CELLI BRINCKERHOFF
& ABADY LLP

_____
Katherine Rosenfeld
Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, New York 10020

LAW OFFICES OF GOLDMAN &
ASSOCIATES
Steven Goldman
190 East 161st Street
Bronx, New York 10451

*Counsel for Plaintiffs*

BY: PHELAN, PHELAN & DANEK,
LLP

_____
Timothy S. Brennan
300 Great Oaks Boulevard, Suite 315
Albany, New York 12203

*Counsel for Defendant Mylroie*

By: ~~ZACHARY W. CARTER,~~ Georgia Pestana
Acting CORPORATION COUNSEL OF
THE CITY OF NEW YORK

_____
Mark D. Zuckerman
Senior Counsel
100 Church Street
New York, New York 10007

*Counsel for City Defendants*

BY: OFFICE OF THE ALBANY
COUNTY ATTORNEY

_____
John W. Liguori      10/17/19
Michael L. Goldstein
112 State Street, Room 600
Albany, New York 12207

*Counsel for Albany Defendants*

10/21/2019

So ordered

Colleen McMahon
Chief Judge

14

# Exhibit A

| Section I: Inmate's Information (To Be Completed by OSIU) ||
|---|---|
| Inmate Name (Last, First): | Date: |
| B+C#: NYSID: | SRG (if Applicable): |
| Sending Facility: | Receiving Jurisdiction: |

| Section II: Reason(s) for SJO (To Be Completed by OSIU)(Select All That Apply) ||
|---|---|
| ☐ Member of Service/Law Enforcement<br>☐ Testifying<br>☐ Court Order<br>☐ Notoriety/Extensive Media Coverage | ☐ Persistent Perpetrator of Violent Incidents<br>☐ Perpetrator of Serious Assault<br>☐ Safety and Security<br>☐ Other (Must describe below) |

Section III: Description of Reason(s) for SJO (To Be Completed by OSIU)
**Note: Attach all supporting documentation, including disciplinary infraction dispositions, if applicable**




Section IV: Notice to Inmate

You are hereby notified that you are being transferred pursuant to a Substitute Jail Order to the Receiving Jurisdiction indicated above in Section I. The reason for your transfer is indicated above in Sections II and III.

You are hereby notified of the following:
1. You will be brought back to New York City for court dates.
2. Upon your transfer you will be subject to the rules and regulations of the receiving jurisdiction, including rules about visiting.
3. The receiving jurisdiction is governed by New York State's Minimum Standards for Management of County Jails.
4. You have the right to make phone calls to your attorney.
5. If you wish to speak with your attorney to let them know where you are being transferred, you should ask staff at the receiving jurisdiction.

| Section V: Service (To Be Completed by Transporting Staff) ||
|---|---|
| Date of Transport: | Time of Transport: |
| Print Full Name and Rank of Staff Providing Notice: | Shield Number: |
| Signature of Staff Providing Notice: ||
| Distribution: OSIU (Original); Inmate's Legal Folder (Copy 1); Inmate (Copy 2) ||